United States District Court
Southern District of Texas
**ENTERED**
December 13, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| DEREK D SMITH, | § |
| | § |
| Plaintiff, | § |
| | § MISCELLANEOUS ACTION NO 2 22-MC- |
| VS | § 00163 |
| | § |
| CORPUS CHRISTI POLICE | § |
| DEPARTMENT, *et al*, | § |
| | § |
| Defendants. | § |

### ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND MEMORANDUM AND <u>RECOMMENDATION TO DISMISS CASE</u>

Plaintiff Derek Smith, proceeding *pro se,* filed a complaint (D.E. 1-2) and application to proceed *in forma pauperis* ("IFP") (D.E. 1) on December 7, 2022. Plaintiff's IFP application has been referred to the undersigned pursuant to 28 U.S.C. § 636. Smith meets the standard to proceed IFP and, therefore, the application (D E. 1) is **GRANTED** The Court further **CANCELS** the hearing set for January 10, 2023

However, because Smith is proceeding IFP, his complaint is subject to an initial screening and review pursuant to 28 U.S C. § 1915(e)(2). For the reasons discussed further below, it is recommended that Smith's complaint (D.E. 1-2) be **DISMISSED** for failure to state a claim under 28 U.S C § 1915(e)(2)(B)(ii) or, alternatively, that Smith be **ORDERED** to file an amended complaint

## I. FACTUAL ALLEGATIONS

In the complaint, Smith alleges that the City of Corpus Christi Police Department ("CCPD") and the City of Corpus Christi Parks & Recreation Department ("CCPR" and, collectively, "Defendants") racially profiled him and violated his constitutional rights. (D.E. 1-2 at 1). Specifically, Smith alleges that he, his fiancée, and their child were at the park in October 2022 when a CCPR employee confronted them and accused them of smoking marijuana. (*Id* at 2) The CCPR employee continued to aggressively ask whether they were smoking marijuana despite Smith repeatedly telling him that they were not (*Id*) Smith noticed that he was the only African American at the park and asked the CCPR employee for his name so he could file a formal complaint. (*Id* at 3). The employee told them to "get the fuck out of here or I'm calling the police." (*Id.*).

Smith welcomed the CCPR employee to call the police so that Smith could make a complaint against him. (*Id* at 4) However, when CCPD officers arrived, they also accused Smith of smoking marijuana, despite the fact that there was no marijuana to be found. The CCPD officers arrested Smith in front of his family and others for public intoxication This was a false accusation (*Id*).

Smith alleges that Defendants had a duty to investigate in a professional manner but failed to follow proper protocol.[1] (*Id.* at 4-5) He alleges that a CCPD officer abused his power and broke his pledge to serve and protect. (*Id* at 5). Smith asserts that Defendants

---

[1] The complaint alleges that Defendants failed to follow correct "parodical," but it appears that Smith intended to write "protocol."

published information that was demonstrably false and used race to determine which pedestrians to approach and search for illegal contraband. The CCPD officer restrained him against his will without any justification, which resulted bodily injury to his wrist, arms, neck, back, and legs. (*Id*).

Smith alleges claims of racial profiling, defamation, false imprisonment, a Fourth Amendment violation, bodily injury, and emotional distress (*Id.* at 4) He seeks $8,000,000 in damages (*Id* at 5)

## II. DISCUSSION

*Pro se* pleadings are held to less stringent standards than those drafted by attorneys. *Haines v Kerner*, 404 U.S. 519, 520 (1972). Pleadings filed by a *pro se* litigant are entitled to a liberal construction. *United States v Pena*, 122 F.3d 3, 4 (5th Cir. 1997). Although *pro se* complaints must be liberally construed and all well-pleaded allegations taken as true, such a complaint must nonetheless set forth facts giving rise to a claim on which relief may be granted. *Johnson v Atkins*, 999 F.2d 99, 100 (5th Cir. 1993).

Every person who, under color of state law, deprives another of "any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U S C. § 1983.

Municipalities and other local government entities are persons under § 1983. *Monell v. Dep't of Soc Servs. of City of New York*, 436 U S 658, 690 (1978). Accordingly, local governing bodies can be sued directly under § 1983 where "the action that is alleged

to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or is done pursuant to governmental custom. *Id.* at 690-91. However, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694.

Local officials may be sued in their personal capacity for actions they take under the color of state law. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). "[T]o establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Id.* at 166 (emphasis in original).

Here, because Smith has alleged violations of his constitutional rights by state actors, the undersigned liberally construes his complaint as arising under 42 U.S.C. § 1983.[2] However, even liberally construed, his complaint does not set forth facts giving rise to a claim on which relief may be granted against the named Defendants. *See Johnson*, 999 F.2d at 100. Although Smith identifies the individual government officials in the complaint, he has not named them as defendants. (D.E. 1-2 at 2-5). Instead, he has named only CCPD and CCPR, both governmental entities, as defendants. (*Id.* at 1). Local

---

[2] Smith's "Civil Cover Sheet" also indicates that he raises his claims under § 1983. (D.E. 3).

governmental entities may only be sued under § 1983 if the alleged constitutional deprivations occurred pursuant to an official policy or governmental custom. *Monell*, 436 U.S. at 690-94. In the complaint, Smith does not allege that the officials were acting pursuant to an official policy or governmental custom, but instead appears to allege that they were violating the general policies and their duties. (D.E. 1-2 at 4-5). CCPD and CCPR cannot be sued under § 1983 for injuries inflicted solely by their employees or agents who were not acting pursuant to a policy or custom. *Monell*, 436 U.S. at 691-92.

As pleaded, Smith's complaint fails to state a claim upon which relief may be granted because the named Defendants cannot be liable for the claims raised. Accordingly, it is recommended that Smith's complaint (D.E. 1-2) be **DISMISSED** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) or, alternatively, that he be **ORDERED** to file an amended complaint. *See* Fed. R. Civ. P. 15(a)(1) (stating that a party may amend its pleading once as a matter of course).

### III. RECOMMENDATION

Accordingly, it is recommended that Smith's complaint (D.E. 1-2) be **DISMISSED** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) or, alternatively, that Smith be **ORDERED** to file an amended complaint.

Respectfully submitted on December 13, 2022.

Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed R Civ P. 72(b), 28 U.S.C § 636(b)(1), General Order No 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir 1996) (*en banc*).