Case 2:22-cv-00297 Document 35 Filed on 03/25/24 in TXSD Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
March 25, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DEREK D. SMITH, | § | |
| Plaintiff, | § § § | |
| V. | § | CIVIL ACTION NO. 2:22-CV-00297 |
| JAVIER GONZALEZ, *et al.*, | § § § | |
| Defendants. | § § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Julie K. Hampton's Memorandum and Recommendation ("M&R"). (D.E. 27). The M&R recommends that the Court grant Defendants' motion to dismiss, (D.E. 23), and that Plaintiff's claims be dismissed for failure to state a claim and lack of jurisdiction. (D.E. 27, p. 1). Plaintiff has filed written objections to the M&R. (D.E. 32).[1]

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

Plaintiff's objections to the M&R state that "he has already stated claims which are Fourth Amendment search and seizure, Eight[h] Amendment excessive fines, Cruel and Unusual

---

[1] Plaintiff filed a motion for continuance, requesting more time to file objections to the M&R. (D.E. 30). Judge Hampton granted the motion, giving Plaintiff till February 29, 2024, to file objections. (D.E. 31). Plaintiff filed the instant objections on February 29, 2024. *See* (D.E. 32). As such, Plaintiff's objections are timely, and the Court must consider them.

Punishment, Racial Profiling, Defamation of character, [and] False Imprisonment" and that these claims give this Court jurisdiction over Plaintiff's case. (D.E. 32, p. 1). Plaintiff further argues that he "has evidence that cannot be rebutted" and that "due process" necessitates consideration of Plaintiff's claims. *Id.* Finally, Plaintiff notes that he "submitted several exhibits to the" Court in support of his claims. *Id.*

First, the Court looks to the operative complaint in this matter, which is Plaintiff's second amended complaint ("live complaint"). (D.E. 21). "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985)). Because Plaintiff's live complaint (the second amended complaint) did not incorporate any previous complaints, it replaced any previous complaints; so, the Court must look *solely* to Plaintiff's live complaint, (D.E. 21), and not the original complaint, (D.E. 1), or the first amended complaint ("FAC"), (D.E. 14). In his objections, Plaintiff argues that "he has already stated" a Fourth Amendment search and seizure claim. (D.E. 32, p. 1). To the extent Plaintiff argues that he stated a Fourth Amendment claim in a previous complaint, Plaintiff is correct in that he alleged a Fourth Amendment search and seizure claim in his FAC. (D.E. 14, p. 4). But Plaintiff's FAC has "no legal effect" because the live complaint does not incorporate the FAC. *See Dogan*, 31 F.3d at 346. As a consequence, the Court cannot consider the FAC, (D.E. 14), and must look only to the live complaint, (D.E. 21).

This Court has reviewed Plaintiff's live complaint—and it fails to allege a Fourth Amendment search and seizure claim. *See* (D.E. 21, p. 1–7). Although Plaintiff cites the Fourth Amendment, *see id.* at 4, he does not detail facts relating to an unconstitutional search or seizure, *see id.* As such, Plaintiff fails to bring a Fourth Amendment search and seizure claim in his live

complaint (even if he brought one in his previous complaint, the FAC). *See* (D.E. 21). The Court therefore **OVERRULES** this objection. (D.E. 32, p. 1).

Plaintiff next objects that he "already stated" an Eighth Amendment claim. (D.E. 32, p. 1). The Court has reviewed Plaintiff's live complaint—which fails to allege an Eighth Amendment claim or how Plaintiff experienced cruel and unusual punishment. *See* (D.E. 21, p. 1–7). To the extent Plaintiff argues that his original complaint alleges an Eighth Amendment violation, *see* (D.E. 1, p. 5), the Court cannot consider Plaintiff's original complaint. As the Court discussed in the last two paragraphs, the Court may only look to the live complaint and not the original complaint or the FAC. As such, the Court **OVERRULES** this objection. (D.E. 32, p. 1).

Plaintiff next objects that he has stated a "[r]acial profiling" claim. *Id.* Liberally construed, the Court interprets this claim as an Equal Protection Claim under the Fourteenth Amendment, as the M&R does. (D.E. 27, p. 9). While Plaintiff argues that he has stated a racial profiling claim, importantly, Plaintiff "has not alleged that Defendant Elrod received similar complaints about any other person in the park and treated them differently[,]" as the M&R notes. *Id.* at 11. Further, Plaintiff has not alleged that Defendant Gonzalez "treated [Plaintiff] unequally to a similar individual of a different race[,]" as the M&R notes. *Id.* at 12. As such, Plaintiff fails to state an Equal Protection claim and the Court **OVERRULES** this objection. (D.E. 32, p. 1).

Finally, Plaintiff objects that he has stated a "Defamation of character" claim. *Id.* Even assuming Plaintiff could show defamation occurred, this Court lacks jurisdiction over such a claim. *See* (D.E. 27, p. 13). This is because, as the M&R says, plaintiffs cannot sue a governmental entity *unless* that entity has waived its governmental immunity. *Id.* at 12–13. And the Texas Tort Claims Act does *not* waive governmental immunity for defamation claims. *Id.* at 13; *see also Hernandez v. Pulido*, 273 F.3d 392 (5th Cir. 2001) (per curiam) ("Defamation is an intentional tort, for which the Texas Tort Claims Act does not waive immunity."). Because the Texas Tort Claims Act does

not waive governmental immunity for defamation claims, the governmental entity at issue here is immune from suit; if a governmental entity is immune from suit, then this Court lacks subject-matter jurisdiction and cannot hear that claim. *See Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (per curiam). Because federal courts have the power to hear cases only over which they have jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), this Court lacks the power to hear a claim over which it has no jurisdiction. Because the Court has no power to hear Plaintiff's defamation claim against Texas (even assuming Plaintiff could show defamation occurred), the Court **OVERRULES** this objection. (D.E. 32, p. 1).[2]

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Plaintiff's objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Plaintiff's objections, (D.E. 32), and **ADOPTS** the findings and conclusions of the M&R, (D.E. 27). Accordingly, the Court **GRANTS** Defendants' motion to dismiss, (D.E. 23), and **DISMISSES** Plaintiff's claims. A final judgment will be entered separately.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi, Texas
       March 25, 2024

---

[2] The Court acknowledges that Plaintiff "has submitted several exhibits to the" Court in support of his claims. (D.E. 32, p. 1); (D.E. 21-1, p. 1–6) (exhibits). However, as explained above, even assuming Plaintiff could show defamation, the Court still lacks jurisdiction to hear that claim.